THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-228-M

| | |
|---|---|
| I.P., a minor child, by his grandfather and Next Friend DONALD G. NEWSOME, MICHAEL PRICE and CHANDLER PRICE, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| WAYNE COUNTY SHERIFF LARRY M. PIERCE, in his official capacity; SERGEANT SCHOOL RESOURCE OFFICER BRANDY JONES, in her individual capacity; SERGEANT SCHOOL RESOURCE OFFICER SHATANA LATICE JONES, in her individual capacity; LIEUTENANT SCHOOL RESOURCE OFFICER WILLIAM KATES in his individual capacity; SERGEANT SCHOOL RESOURCE OFFICER MARION WALTON in his individual capacity; WESTERN SURETY COMPANY; MARK ARMSTRONG, individually and as employee for BUTTERFLY EFFECTS, LLC; BRITTNE BROOKS, individually and as employee for BUTTERFLY EFFECTS, LLC, BUTTERFLY EFFECTS, LLC, JOHN DOE 1 and JOHN DOE 2, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ORDER** |
| Defendants. | )<br>) |

This matter is before the Court on Defendants Wayne County Sheriff Larry M. Pierce, Sergeant Brandy Jones, Sergeant Shatana Latice Jones, Lieutenant William Kates, Sergeant Marion Walton, Mark Armstrong, Brittne Brooks, and Butterfly Effects, LLC's (collectively, the "Defendants") Motion to Stay Discovery pending the resolution of their motions to dismiss [DE-64]. In deciding whether to stay

discovery pending a motion to dismiss, courts in this district consider: "1) the potential for the dispositive motion to terminate all claims in the case or all claims against a defendant; 2) strong support on the merits for the dispositive motion; and 3) the irrelevancy of discovery to determining the dispositive motion." *Remy v. Lubbock Nat. Bank*, 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019) (citing *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008)).

Having considered these factors, the Court finds that a stay of discovery is warranted. First, resolution of the motions to dismiss in Defendants' favor would result in the complete dismissal of three defendants and a fourth of the remaining claims, and supplemental jurisdiction would not extend over one of the two factual episodes at issue. Second, Defendants' motions raise significant issues for the Court's consideration including whether supplemental jurisdiction exists over the claims arising out of Defendant Armstrong's conduct in September 2017 and whether a duty exists to intervene in law enforcement activities during an ongoing school lockdown. Third, the motions to dismiss test the legal sufficiency of a complaint "and there is no need for discovery before the court rules on the motions." *Lubbock Nat'l Bank*, 2019 WL 7631113, at *2 (citing *Yongo*, 2008 WL 516744, at *2).

It is therefore ordered that discovery IS STAYED pending the complete resolution of Defendants' motions to dismiss [DE-72, 77]. All parties in the above-captioned matter ARE DIRECTED to have their Rule 26(f) conference no later than 21 days after the Court rules on Defendants' motions to dismiss, and to submit a proposed discovery plan to the Court no later than 14 days after the Rule 26(f) meeting.

So ordered this the 2nd day of March, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

2