THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-228-M

I.P., a minor child, by his grandfather and Next )
Friend DONALD G. NEWSOME, )
MICHAEL PRICE and CHANDLER )
PRICE, )
 )
 )
 )
                                    Plaintiffs, )
 )
v. )
 )
WAYNE COUNTY SHERIFF LARRY M. )
PIERCE, in his official capacity; SERGEANT )    **OPINION AND ORDER**
SCHOOL RESOURCE OFFICER BRANDY )
JONES, in her individual capacity; )
SERGEANT SCHOOL RESOURCE )
OFFICER SHATANA LATICE JONES, in her )
individual capacity; LIEUTENANT SCHOOL )
RESOURCE OFFICER WILLIAM KATES in )
his individual capacity; SERGEANT SCHOOL )
RESOURCE OFFICER MARION WALTON )
in his individual capacity; WESTERN )
SURETY COMPANY; MARK )
ARMSTRONG, individually and as employee )
for BUTTERFLY EFFECTS, LLC; BRITTNE )
BROOKS, individually and as employee for )
BUTTERFLY EFFECTS, LLC, BUTTERFLY )
EFFECTS, LLC, JOHN DOE 1 )
and JOHN DOE 2, )
 )
 )
 )
                                    Defendants. )

RICHARD E. MYERS II, District Judge.

     This matter is before the Court on Plaintiffs' motion for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. [DE-88.] Plaintiffs request that this Court vacate

its April 24, 2020, decision [DE-87] fully resolving the Butterfly Defendants'[1] and the Officer Defendants' motions to dismiss [DE-72; DE-77]. The motion has been fully briefed [DE-89; DE-92; DE-95] and is now ripe for ruling. For the reasons stated herein, Plaintiffs' motion for reconsideration [DE-88] is DENIED.

I. Relevant Procedural Background

On February 14, 2020, the Butterfly Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE-72]; the Officer Defendants filed their own partial motion to dismiss pursuant to Rule 12(b)(6) [DE-77]. The Butterfly Defendants, in addition to challenging whether Plaintiffs had adequately pled various claims, argued that this Court did not have supplemental jurisdiction over certain claims involving a particular defendant, Mark Armstrong, and a distinct factual episode that occurred almost six months before the events giving rise to Plaintiffs' federal claims. [DE-72 at 2; DE-73 at 12-14.] On March 9, 2020, the Court issued an opinion [DE-86] agreeing with the Butterfly Defendants' jurisdictional contention and finding that "[the Court] does not have supplemental jurisdiction over Defendant Armstrong and state law claims arising out of the events that occurred in September 2017." [DE-86 at 15.] The Court "reserve[d] ruling on the remainder of the Butterfly Defendants' contentions should Plaintiffs instead choose to pursue their state claims in state court." [DE-86 at 2.]

Approximately seven weeks later, on April 24, 2020, and after having heard nothing from the Plaintiffs, the Court issued an opinion and order disposing of the remainder of Defendants' motions to dismiss. [DE-87.]

---

[1] Defined terms herein are ascribed the same meaning as in the Court's previous orders on Defendants' motions to dismiss. [DE-86; DE-87.]

2

II. Motion for Reconsideration Standard

Plaintiffs seek reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. [DE-88.] Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Generally, motions for reconsideration under Rule 54(b) are granted only where: (1) there has been intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice. *See United States Tobacco Cooperative v. United States*, No. 5:18-CV-473-BO, 2019 WL 8323614, at *1 (E.D.N.C. Nov. 8, 2019); *Matter of Vulcan Const. Materials, LLC*, 433 F. Supp. 3d 816, 819-20 (E.D. Va. 2019). While a motion for reconsideration under Rule 54(b), which deals with interlocutory orders, is not subject to the same strict standard as a motion for reconsideration under Rule 59(e), which deals with final judgments, "courts in this Circuit have frequently looked to the standards under Rule 59(e) for guidance in considering such motions." *United States v. Lovely*, 420 F. Supp. 3d 398, 403 (M.D.N.C. 2019) (footnote omitted). Ultimately, the decision to grant a motion under Rule 54(b) "lies within the discretion of the court," and such motions are "disfavored and should be granted sparingly." *United States Tobacco Cooperative*, 2019 WL 8323614, at *1 (citation and internal quotation marks omitted).

Plaintiffs' motion mostly seizes on the lack of an "explicit deadline" in the Court's earlier March 9, 2020, opinion for the Plaintiffs to voluntarily dismiss their state law claims. [DE-89 at 9.] Although unbeknownst to the Court, Plaintiffs had in fact resolved to voluntarily dismiss certain of their claims and seek relief in state court. [DE-88-1 ¶¶ 20-21.] Plaintiffs essentially argue that, given their silent efforts, it was improper for the Court to rule when it did, seven

weeks later, on April 24, 2020. [*See e.g.*, DE-89 at 3 ("Notably, Opinion D.E. 86 did not provide Plaintiffs a deadline to inform the Court of their forum selection as to their state law claims"), 4 ("no deadline was provided within the Court's March 9, 2020 Opinion."), 7 ("no deadline had been set forth therein"), 10 n.4 ("Given that Opinion D.E. 86 provided no deadline"), 13 ("especially when no deadline had been prescribed").] Plaintiffs squeeze this contention into the constructs of Rule 54 arguing: first, that a newly filed affidavit of Plaintiffs' attorney Stanley B. Green, describing Plaintiffs' counsels' progress toward refiling in state court and the delay caused by COVID-19 [DE-88-1], "constitutes additional evidence sufficient for this Court to grant Plaintiffs' Motion" [DE-89 at 10]; and, second, that the April 24, 2020, opinion is "manifestly unjust" for failing to consider the additional affidavit [DE-89 at 13; DE-88-1] and because the effect of both motion-to-dismiss decisions "is to split Plaintiffs' state law claims," which is "unauthorized claim-splitting" [DE-89 at 13].

A. Newly Discovered Evidence

Plaintiffs first argue that Attorney Green's affidavit, which describes the steps taken by Plaintiffs' counsel to refile in state court and the delay caused by COVID-19, is additional evidence not previously available sufficient to grant Plaintiffs' motion under Rule 54(b). [DE-89 at 10.] The Court finds that the additional evidence is neither substantive nor material and that Plaintiffs' counsel could have brought such information to the Court's attention prior to issuance of its April 24, 2020, opinion.

In this Circuit, to prevail on a motion for reconsideration based on "additional evidence" a party must demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a

4

> new outcome if the case were retried, or is such that would require the
> judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (in Rule 59 and 60 context) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)). Plaintiffs assert that consideration of the *Boryan* factors is inappropriate on a Rule 54(b) motion [DE-95 at 3-4], but at least one court in our Circuit has expressly adopted them, and this Court finds them useful in the exercise of its discretion here. *See Slavin v. Imperial Parking (U.S.), LLC*, No. CV PWG-16-2511, 2018 WL 337758, at *4 (D. Md. Jan. 9, 2018) (applying *Boryan* requirements in Rule 54 context), *amended*, No. CV PWG-16-2511, 2018 WL 826520 (D. Md. Feb. 9, 2018).

The Court finds that the motion for reconsideration based on additional evidence is without merit. Plaintiffs cite caselaw holding that the "ultimate responsibility" of the Court is "to reach the correct judgment under the law." [DE-89 at 12 (quoting *Batton v. Cmty. Workers of Am.*, No. 2:13cv426, 2014 WL 5742409, at *6 (E.D. Va. Aug. 4, 2014)); *see also* DE-95 at 4 n.1 (quoting *Matter of Vulcan Const. Materials, LLC*, 433 F. Supp. 3d at 820).] The Court ruled on Defendants' motions to dismiss with the full benefit of the parties' briefing and the affidavit contains no new factual or legal content that would produce a new outcome or change the Court's conclusion or reasoning in its April 24, 2020, order. What's more, the Court gave Plaintiffs' counsel almost two months after the March 9, 2020, order before it ruled on the remainder of Defendants' motions to dismiss. *See Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) ("[R]econsideration is not meant to . . . award a proverbial 'second bite at the apple' to a dissatisfied litigant.").

Moreover, a "'movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have been discovered and produced such evidence at the hearing.'" *JTH TAX, Inc., et*

5

*al. v. AIME, et al.*, No. 2:16CV279, 2016 WL 9185404, at *3 (E.D. Va. Sept. 26, 2016) (quoting *Boryan*, 844 F.2d at 771); *see also United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (denying motion for reconsideration where "[t]he evidence is not new or previously unobtainable, but merely newly submitted."); *Randolph v. ADT Sec. Servs., Inc.*, No. CIV.A. DKC 09-1790, 2012 WL 273722, at *3 (D. Md. Jan. 30, 2012) ("party moving for reconsideration may not rely on new evidence unless it has asserted a valid reason for not presenting the evidence earlier in the litigation." (citation omitted)); *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 703 (D.S.C. 2014) ("[m]otions for reconsideration are inappropriate merely to introduce . . . new evidence that could have been adduced during the pendency of the prior motion" (citation and internal quotation marks omitted)).  Here, the "additional evidence"—or, in other words, Plaintiffs' intentions and the reasons for delay—is not newly discovered and could have been produced with reasonable diligence prior to the April 24, 2020, opinion.  Plaintiffs' counsel was in full and exclusive possession of such information and could have, but did not, inform the Court of their intentions at any time.[2]  Plaintiffs only proffered justification for not doing so is COVID-19, but the affidavit indicates that, throughout the same time period, counsel was otherwise active.

B. Manifest Injustice

Plaintiffs' second argument, regarding manifest injustice, is two-fold:  (1) that it would be manifestly unjust to not consider the additional evidence presented in the affidavit, citing *Taylor v. White*, No. 5:05-CT-3140-FL, 2010 WL 2680360 (E.D.N.C. July 6, 2010) (finding

---

[2] Plaintiffs' counsel notes that on March 10, 2020, they "telephoned the Court's case manager to discuss the lack of a deadline issue," left a voicemail, and that neither the case manager nor counsel followed up. [DE-89 at 4.]  But, calling the case manager, who has no independent authority to enter the deadline Plaintiffs sought, is not a substitute for submitting a written motion or notice to the Court.

6

failure to consider new evidence would create manifest injustice); and (2) that the April 24, 2020, opinion cannot stand because it would create unauthorized claim splitting. [DE-89 at 13.]

"To demonstrate that a court committed a clear error which would result in manifest injustice, the decision must be 'dead wrong,' not 'just maybe or probably wrong.'" *United States Tobacco Cooperative*, 2019 WL 8323614, at *1 (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

First, *Taylor v. White*, is inapposite. There, on a motion for reconsideration of an order granting summary judgment, the court found that new evidence recently obtained in discovery created a genuine issue of material fact. *Taylor*, 2010 WL 2680360, at *4. The court held "that the failure to consider the new evidence would create a manifest injustice" and, therefore vacated a portion of its summary judgment order. *Id.* Here, by contrast, the evidence does not produce a different outcome on the underlying motion nor is it newly discovered.

Second, Plaintiffs argue that the combination of the Court's March 9 and April 24, 2020, decisions has placed them in an impermissible position whereby they will be litigating a breach of contract claim against Butterfly Effects in federal court and may be litigating a breach of the same contract against Mark Armstrong and Butterfly Effects in state court. [DE-89 at 13-14.]

"The rule against claim splitting," which Plaintiffs invoke to claim relief from the Court's April 24, 2020, opinion, "is a principle of *res judicata*." *Hinkle v. Cont'l Motors, Inc.*, No. 9:16-3707-RMG, 2017 WL 4583559, at *2 (D.S.C. Oct. 12, 2017) (citing *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)). "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp.*, 273 F. App'x at 265). "'To determine

7

whether a plaintiff is claim-splitting, as would support dismissal, the proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis.'" *Hinkle*, 2017 WL 4583559, at *2 (citation omitted). "[T]he second suit will be barred if the claim involves the same parties and 'arises out of the same transaction or series of transactions as the first claim.'" *Sensormatic Sec. Corp.*, 273 F. App'x at 265 (citation omitted).

However, there is a general exception to the rule against claim splitting, which applies where the first court lacks jurisdiction over the claims at issue. "If . . . the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded." Restatement (Second) of Judgments § 25, Exemplifications of General Rule Concerning Splitting, cmt. e (June 2020 update); *see e.g.*, 18 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 4412 (3d ed. April 2020 update) ("If the federal court refuses to accept supplemental jurisdiction . . . there would be no preclusion in a subsequent state proceeding."); *Handley v. United States*, No. 5:17-CV-01278-HNJ, 2019 WL 8014317, at *8 (N.D. Ala. Mar. 26, 2019) ("Furthermore, the rule regarding prior, competent jurisdiction applies to the claim-splitting doctrine. Contrary to the Government's assertions, '[a]bsent jurisdiction, [the] claim-splitting rule does not preclude [maintenance of a] second suit.'" (citations omitted)); *cf. Andrews v. Crump*, 144 N.C. App. 68, 74-75, 547 S.E.2d 117, 121-22 (2001) (finding that "the doctrine of claim preclusion is not involved" where federal court "declined to exercise pendent jurisdiction over plaintiffs' state law claims").[3]

---

[3] It appears that Plaintiffs may even relitigate their claims dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) in North Carolina state court. *See Bishop v. Cty. of Macon*, 250 N.C. App. 519, 525, 794 S.E.2d 542, 548 (2016) (holding "'that a federal court's dismissal of claims pursuant to Federal Rule 12(b)(6) is not an adjudication on the merits for

8

The exception to claim splitting appears to apply here. This Court, in its previous ruling, found that it did not have jurisdiction over state law claims involving Defendant Armstrong and arising out of the September 26, 2017, incident because they were too legally and factually distant from the March 23, 2018, events giving rise to Plaintiffs' federal causes of action. [DE-86.] Although the Court declines to issue an advisory opinion, under the general rule, a subsequent suit on those claims would not be barred. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, No. 03-4191-RDR, 2005 WL 8160365, at *1 (D. Kan. Dec. 15, 2005) (declining to grant motion for reconsideration where defendant raised similar argument and noting "[a]s a general rule, if a federal court refuses to accept supplemental jurisdiction, there is no preclusion in a subsequent state proceeding." (citations omitted)).

Moreover, any argument regarding impermissible claim splitting could have been, but was not, raised in Plaintiffs' opposition [DE-84] to the Butterfly Defendants' motion to dismiss [DE-72]. "Rule 54(b) motions should not be used . . . to raise new arguments . . . that could have been raised previously." *Lovely*, 420 F. Supp. 3d at 403 (citation and internal quotation marks omitted). Plaintiffs were aware of the scope of the Butterfly Defendants' motion to dismiss for lack of supplemental jurisdiction, and that certain other claims could survive. Finally, to the extent that Plaintiffs about-face and now argue that the Court lacks jurisdiction over *all* of Plaintiffs' state law claims [DE-95 at 5-8], the Court finds no clear error in its exercise of jurisdiction. *Cf. Lanford v. Prince George's Cty, Md.*, 175 F. Supp. 2d 797, 803 n.3 (D. Md. 2001) (finding lack of supplemental jurisdiction over state law claims against a particular defendant, but also finding supplemental jurisdiction over other state law claims against other

---

purposes of collaterally estopping . . . plaintiff[s] from raising the same or related claim[ ] under State law in our State's courts.'" (citing *Fox v. Johnson*, 243 N.C. App. 274, 287, 777 S.E.2d 314, 325 (2015)).

9

defendants that did, instead, "arise from a common nucleus of operative facts" with plaintiff's federal claims).

III. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration [DE-88] is DENIED.

SO ORDERED this the 19th day of June, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE