THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-228-M

I.P., a minor child, by his grandfather and Next )
Friend DONALD G. NEWSOME, )
MICHAEL PRICE and CHANDLER )
PRICE, )
)
)
Plaintiffs, )
)
v. )
)
WAYNE COUNTY SHERIFF LARRY M. )
PIERCE, in his official capacity; SERGEANT )  **ORDER**
SCHOOL RESOURCE OFFICER BRANDY )
JONES, in her individual capacity; )
SERGEANT SCHOOL RESOURCE )
OFFICER SHATANA LATICE JONES, in her )
individual capacity; LIEUTENANT SCHOOL )
RESOURCE OFFICER WILLIAM KATES in )
his individual capacity; SERGEANT SCHOOL )
RESOURCE OFFICER MARION WALTON )
in his individual capacity; WESTERN )
SURETY COMPANY; MARK )
ARMSTRONG, individually and as employee )
for BUTTERFLY EFFECTS, LLC; BRITTNE )
BROOKS, individually and as employee for )
BUTTERFLY EFFECTS, LLC, BUTTERFLY )
EFFECTS, LLC, JOHN DOE 1 )
and JOHN DOE 2, )
)
Defendants. )

This matter is before the Court on Plaintiffs' motion to voluntarily dismiss Defendant Butterfly Effects without prejudice. [DE-99.] For the reasons set forth below, Plaintiffs' motion is GRANTED.

I. Factual and Procedural Background

Plaintiffs filed this action on June 4, 2019, alleging federal and state law claims arising out of altercations between Plaintiff Minor I.P., a middle school boy with autism, his Behavioral Technicians (Defendant Armstrong and Defendant Brooks, employed by Defendant Butterfly Effects (collectively, the "Butterfly Defendants")), and School Resource Officers at Rosewood Middle School in September 2017 and March 2018. [DE-1.] Defendants brought several motions to dismiss, and the Court found first, that it lacked supplemental jurisdiction over Plaintiffs' state law claims relating to the actions of Defendant Armstrong in September 2017 [DE-86], and second, *inter alia*, that Plaintiffs failed to state a claim against the remaining Butterfly Defendants, except for a single breach of contract claim against Defendant Butterfly Effects [DE-87]. Plaintiffs filed a motion for reconsideration of the Court's second opinion and order [DE-88], which the Court subsequently denied [DE-96]. Plaintiffs now seek to voluntarily dismiss the remaining Butterfly Defendant, Defendant Butterfly Effects, without prejudice "so that any and all remaining state law based claims against Defendant Butterfly Effects or its employee(s) may proceed wholly in North Carolina state court." [DE-99.] Plaintiffs filed the motion for voluntary dismissal on August 21, 2020, Defendants did not respond, and the time for so doing has expired. Plaintiffs note that "[a]ll Defendants have reported that they do not oppose Plaintiffs' motion." [DE-100.]

II. Voluntary Dismissal

Plaintiffs seek to dismiss Defendant Butterfly Effects without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). [DE-99.]

A. Legal Standard

Rule 41(a)(2) allows a plaintiff to move the Court for a voluntary dismissal of an action without prejudice at any time. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court" and should be freely allowed "unless the parties will be unfairly prejudiced." *Id.* (citations omitted).

"Courts generally consider the following factors when ruling on a motion for voluntary dismissal without prejudice: '(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending.' *Southwood v. Credit Card Sol.*, No. 7:09-CV-81-F, 2012 WL 12895545, at *2 (E.D.N.C. Oct. 23, 2012) (citations omitted). "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending upon the circumstances of the case." *Id.* (citation and internal quotation marks omitted); *see also McIntosh v. KCA Corp.*, No. 5:08-CV-625-BO, 2011 WL 5530961, at *1 (E.D.N.C. Nov. 14, 2011).

B. Application

As an initial matter, there is a question regarding whether the relief sought here—dismissal of a particular defendant—is proper under Rule 41(a). The Court notes that although the text of "Rule 41(a) speaks in terms of dismissal of 'an action,' as opposed to dismissal of particular defendants or claims," "the Fourth Circuit Court of Appeals has not directly addressed whether dismissal of individual defendants in a multi-defendant case is proper under Rule 41(a) . . . . [and] 'most federal courts agree that parties may voluntarily dismiss from a case only certain

3

Case 5:19-cv-00228-M   Document 101   Filed 09/15/20   Page 3 of 5

defendants.'" *Duke Progress Energy LLC v. 3M Co.*, No. 5:08-CV-460-FL, 5:08-CV-463-FL, 2015 WL 5603344, at *2 (E.D.N.C. Sept. 23, 2015) (citations omitted). This Court agrees and finds Rule 41(a) permits the voluntary dismissal of all claims against a particular defendant. "Such use of Rule 41(a) is certainly standard practice in this district." *Duke*, 2015 WL 5603344, at *2; *see U.S. Tobacco Coop., Inc. v. Big S. Wholesale of Virginia, LLC*, 365 F. Supp. 3d 604, 614 (E.D.N.C. 2019) (dismissing all claims against particular defendant pursuant to Rule 41(a)); *but see Jha v. XCube Res. and Dev., Inc.*, No. PX-18-364, 2018 WL 9988653, at *1 (D. Md. Apr. 19, 2018) (Rule 41(a) cannot be used to dismiss individual defendants and "constru[ing] Plaintiff's notice of voluntary dismissal as a motion to amend pursuant to Rule 15(a)."). Accordingly, the type of relief sought here—dismissal of Defendant Butterfly Effects—is proper.

The Court also finds that the relief sought is appropriate in this case. The Defendants do not oppose Plaintiffs' motion and have provided no basis for the Court to infer they would be prejudiced if Plaintiffs' motion was granted. *Cf. McIntosh*, 2011 WL 5530961, at *1 ("[Defendants] have not filed a response in opposition to [Plaintiff's] request to dismiss without prejudice, and have not explained why dismissal without prejudice would unfairly burden them."). Moreover, the case is still in its early stages: "no discovery has taken place" [DE-100 at 7] and the close of discovery is not until July 15, 2021 [DE-94]. Finally, Plaintiffs are correct that allowing them to pursue their remaining breach of contract claim against Butterfly Effects in state court, where they may bring all claims against the Butterfly Defendants, will preserve judicial resources and streamline the litigation. Because the Court cannot perceive any undue prejudice that will accrue to Defendants as a result of the dismissal without prejudice, the motion is granted.

4

III. Conclusion

For the foregoing reasons, Plaintiffs' motion to dismiss Defendant Butterfly Effects without prejudice [DE-99] is GRANTED.

SO ORDERED, this the 15th day of September, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE